IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00771-PAB

PAULA R. SILVER,

      Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.
_____

**ORDER**
_____

This matter is before the Court on plaintiff Paula Silver's complaint [Docket No. 1], filed on March 27, 2012. Plaintiff seeks review of the final decision of defendant Carolyn W. Colvin (the "Commissioner") denying plaintiff's claim for supplemental security income under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-83c.[1] The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. BACKGROUND**

On December 16, 2008, plaintiff applied for supplemental security income under Title XVI of the Act. R. at 18. Plaintiff alleged that she had been disabled since May 17, 2007. *Id.* After an initial administrative denial of her claim, plaintiff received a hearing before an Administrative Law Judge ("ALJ") on March 3, 2010. *Id.* On July 20,

---

[1] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

2010, the ALJ issued a decision denying plaintiff's claim.  R. at 25.

The ALJ found that plaintiff had the following severe impairments: "degenerative disk disease of the cervical and lumbar spine."  R. at 20.  The ALJ concluded that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, R. at 21, and ruled that plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR [§] 416.967(b), while lifting and carrying up to ten pounds frequently, and up to twenty pounds occasionally; sitting and standing/walking for up to six hours each in a regular eight hour work day; only occasionally stooping, crouching, kneeling, or crawling; and while occasionally climbing ladders, ropes, or scaffolds.

R. at 21.  Based upon this RFC and in reliance on the testimony of a vocational expert, the ALJ concluded that plaintiff was "capable of performing past relevant work as a telephone solicitor."  R. at 25.

The Appeals Council denied plaintiff's request for review of this denial.  R. at 1.  Consequently, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A.  Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole.  *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003).  The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the

ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B. The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step

sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C. Medical Opinions

Plaintiff argues that the ALJ erred in evaluating and weighing two medical

4

opinions. Specifically, she argues that the ALJ (1) failed to properly evaluate and weigh the opinion of the non-examining state agency physician, Dr. K. Terry, and that the weight the ALJ gave the opinion was not supported by substantial evidence; and (2) did not properly evaluate and weigh the medical opinion of examining physician Dr. Velma Campbell. Docket No. 13 at 3.[2]

In assessing a medical opinion, an ALJ must consider the supportability of that opinion, i.e., the extent to which the medical source provides relevant evidence to support his or her opinion, 20 C.F.R. § 416.927(c)(3), as well as the extent to which a medical opinion is consistent with the record as a whole. 20 C.F.R. § 416.927(c)(4). An ALJ may not, however, "substitut[e] his own medical judgment for that of mental health professionals." *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996); *see also Pietrunti v. Director, Office of Workers' Compensation Programs*, 119 F.3d 1035, 1042 (2d Cir. 1997) ("an ALJ cannot arbitrarily substitute his own judgment for competent medical evidence"); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("Common sense can mislead; lay intuitions about medical phenomena are often wrong."); *Proctor v. Astrue*, 665 F. Supp. 2d 1243, 1255 (D. Colo. 2009).

According to Social Security regulations, in deciding the weight given to any medical opinion, an ALJ is to consider the following factors:

---

[2]Plaintiff also argues that the ALJ erred in elevating Dr. Terry's opinion over the opinion of consultative examiner Dr. Velma Campbell. Docket No. 13 at 23. Neither physician is a treating physician and, as such, neither opinion is entitled to controlling weight. *See* 20 C.F.R. § 416.927(c). The Court can review whether the weight given to each opinion is supported by substantial evidence, but to the extent plaintiff argues that the ALJ erred in weighing the medical evidence, the Court is not permitted to re-weigh such evidence on appeal. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003); *see* 20 C.F.R. § 416.927(c). The ALJ's decision must be sufficiently specific so as to make clear the weight she gave to a medical opinion, but the ALJ is not required to expressly apply each of the factors in deciding what weight to give a medical opinion. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

### 1. Dr. Terry

Plaintiff argues that the ALJ failed to sufficiently explain why she gave non-examining physician Dr. K. Terry's opinion great weight. Docket No. 13 at 23. The ALJ stated that she found "the opinion of the State agency reviewing physician, who assessed the claimant as capable of sustaining a range of light exertional work, to be much more consistent with the evidence as a whole, and thus gives it great weight." R at 25 (citation to record omitted). This sentence is the ALJ's only mention of Dr. Terry's opinion.

A "non-examining physician's opinion is an acceptable medical source," which an ALJ is entitled to consider. *Flaherty*, 515 F.3d at 1071. However, the opinions of examining physicians are generally accorded more weight than those of non-examining physicians. 20 C.F.R. § 416.927(c)(1); *see Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("[T]he opinion of an agency physician who has never seen the

6

claimant is entitled to the least weight of all."). For this reason, the "regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker" and "the opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources." SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996). However,

> [i]n appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources. For example, the opinion of a State agency medical or psychological consultant or other program physician or psychologist may be entitled to greater weight than a treating source[']s medical opinion if the State agency medical or psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source.

*Id.* at *3. If the ALJ rejects the opinion of an examining physician in favor of a non-examining physician's opinion, "he must provide a legally sufficient explanation for doing do." *Sissom v. Colvin*, 512 F. App'x 762, 767 (10th Cir. 2013) (unpublished). Failure of the ALJ to set forth the reasons why a particular weight was assigned to treating sources and other medical sources constitutes reversible error. *See* 20 C.F.R. § 416.927; *Reyes v. Bown*, 845 F.2d 242, 245 (10th Cir. 1988).

The Court cannot determine whether the weight given to Dr. Terry's opinion was supported by substantial evidence because the ALJ failed to sufficiently set forth the reasons why she gave Dr. Terry's opinion great weight. Although the ALJ was not required to expressly apply each of the 20 C.F.R. § 416.927(c) factors, the ALJ's

decision mentioned only the consistency between Dr. Terry's opinion and the record, but failed to meaningfully discuss which portions of Dr. Terry's opinion were consistent (or inconsistent) with what evidence. The ALJ extensively discussed Dr. Campbell's opinion in relation to the evidence in the record, but, in a single sentence, stated that Dr. Terry's opinion was more consistent with the evidence than Dr. Campbell's opinion. Although the comparison of the two opinions implicitly suggests that Dr. Terry's opinion does not suffer the same flaws as Dr. Campbell's opinion, the Court cannot attempt to reconstruct the ALJ's reasoning. *See Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) (holding that reviewing court cannot provide post hoc justification for the ALJ's decision).

Moreover, the ALJ failed to address the supportability of Dr. Terry's opinion. *See* 20 C.F.R. § 416.927. Dr. Terry used a check box form with only limited notations, *see* R. at 311-17, and the substance of his report offers little assistance in determining whether the report is entitled to great weight. *Cf. Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) ("In comparison with the objective tests and measurements described by [treating medical sources] in support of their diagnosis . . . , [the consulting physician's] report in this regard consists solely of boxes checked on the Secretary's form to indicate his conclusion . . . . Such evaluation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence."). Dr. Terry's report provides only brief supporting explanations. Dr. Terry indicates that pain was the primary limiting factor in plaintiff's RFC assessment, but noted that plaintiff's reported limitations "seem extreme" without further explanation. R. at 317.

The ALJ also failed to evaluate the degree to which Dr. Terry's opinion considered all the pertinent evidence. Dr. Terry's report does not precisely indicate the medical records upon which it is based. Dr. Terry's report references an MRI and an "[o]rtho exam," but also indicates that Dr. Terry did not review a medical source statement. R. 316-317. Dr. Terry's report does not otherwise cite to specific evidence and it is unclear what, if any, additional records he reviewed. Because Dr. Terry's report was completed on April 7, 2009, Dr. Terry did not have the benefit of reviewing medical evidence developed after that date. This includes records from Dr. Koons indicating that plaintiff suffered from post mastectomy pain "not controlled at times." R. at 334-36. Additionally, on July 21, 2009, plaintiffs treating oncologist, Dr. Vaughn Cipperly, noted that plaintiff was suffering from back pain and neck problems and diagnosed plaintiff with post mastectomy syndrome. R. at 321-22. Dr. Terry was also unable to review Dr. Campbell's November 4, 2009 report, which noted that plaintiff reported "weakness in the arms," R. at 340, and diagnosed plaintiff with "loss of muscle bulk and strength of upper body and upper arms, [and] pain in the left anterior chest wall," which Dr. Campbell determined "contributes to the shoulder limitations and cerivothoracic pain." R. at 342. As a result, Dr. Campbell concluded that reaching, overhead or out from the body, should be limited to less than 2 hours a day with the right arm and only a few times a day with the left arm. R. at 343. The ALJ did not discuss how the medical records and opinions created after Dr. Terry's report affected the weight she assigned to Dr. Terry's opinion. Where the ALJ's opinion does not provide such reasoning, the Court is not permitted to conjecture on her behalf. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The ALJ's decision

should have been evaluated based solely on the reasons stated in the decision.").

Defendant argues that the ALJ was permitted to resolve conflicts between conflicting medical evidence and, after doing so, "reasonably determined to give great weight to Dr. Terry's opinion because it was more consistent with the evidence as a whole." Docket No. 14 at 7-8. Defendant further argues that the ALJ stated that she "considered the opinion evidence in accordance with the requirements of agency regulations and rulings." *Id.* at 8 (citations omitted). Thus, defendant maintains that the ALJ properly accepted Dr. Terry's opinion. *Id.* The Court disagrees. "[A]n ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-1010 (10th Cir. 1996). However, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id*. at 1010. Boilerplate language, unconnected to any evidence in the record, will not suffice to support an ALJ's conclusion. *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004). The language from the ALJ's decision that defendant cites is a recitation of the standard and "fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered . . . ." *Id.* The ALJ failed to articulate her reasoning for assigning Dr. Terry's opinion great weight and failed to discuss the uncontroverted medical evidence developed after April 2009 as it related to Dr. Terry's opinion. Without the necessary findings, the Court must remand because proper review is not possible. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

The Court cannot conclude that the ALJ's error was harmless. *See Allen v.*

*Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (concluding that, with certain "caveats, it . . . may be appropriate [in Social Security appeals] to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). Dr. Terry did not have the benefit of additional medical records concerning plaintiff's post mastectomy pain and Dr. Campbell's suggested limitations. Although the ALJ extensively explained why she discounted the credibility of plaintiff's subjective pain complaints and Dr. Campbell's limitations, Dr. Terry admitted that the primary limiting factor in plaintiff's RFC was pain. Thus, the Court cannot conclude that no reasonable factfinder would have reached a different conclusion. The Court will not, therefore, address the ALJ's assessment of other medical opinions in the record[3] or the ALJ's findings with respect

---

[3] Plaintiff argues that the ALJ failed to weigh Dr. Campbell's opinion using the pertinent factors within 20 C.F.R. § 416.927(d). Docket No. 13 at 48. The ALJ found that Dr. Campbell's conclusion that plaintiff was extensively limited in the use of bilateral upper extremities was not entirely supported by relevant evidence and consistent with the record as a whole. Specifically, the ALJ noted that while plaintiff's lumbar condition could be expected to result in some limitation, imaging results indicated "no evidence of nerve root impingement" and noted that a treating medical source observed "intact strength in both [plaintiff's] upper and lower extremities." R. at 24-25. The ALJ also noted that Dr. Campbell's opinion was inconsistent to the extent Dr. Campbell observed plaintiff walking with a normal gait and moving around the exam room without assistance. R. at 25. The ALJ found that Dr. Campbell's conclusion suffered from a lack of substantial objective medical support. R. at 25.

The Court notes two issues that may focus the issues addressed on remand. First, plaintiff argues that, because no medical opinion contradicted Dr. Campbell's position, the ALJ, in partially rejecting Dr. Campbell's opinion, impermissibly substituted her own medical judgment for that of a physician. Docket No. 13 at 53. Plaintiff's argument is factually incorrect. Dr. Terry's opinion concluded that plaintiff had no manipulative limitations and that plaintiff could stand and walk with normal breaks for

to credibility and plaintiff's RFC because the ALJ's analysis on remand may impact how those issues are viewed. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."); *see also Daniell v. Astrue*, 384 F. App'x 798, 804 (10th Cir. 2010).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner denying disability benefits to plaintiff is REVERSED and REMANDED for additional proceedings consistent with this opinion.

DATED March 31, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

six hours in an eight hour workday. R. at 311, 313. Second, plaintiff argues that the ALJ failed to discuss the uncontraverted evidence that supported Dr. Campbell's opinion as it relates to the 20 C.F.R. § 416.927(c) factors. Docket No. 13 at 51. Specifically, plaintiff points out, among other things, that Dr. Campbell had the benefit of reviewing more records than Dr. Terry, including those that related to plaintiff's post mastectomy pain. *Id.* at 52. Thus, although an ALJ is not required to discuss all evidence in the record, the import of any medical evidence from April 2009 and beyond should be discussed on remand. *See* SSR 96-8p, 1996 WL 374184, at *7, (July 2, 1996) ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").