IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00771-PAB

PAULA R. SILVER,

      Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.
_____

**ORDER**
_____

      This matter is before the Court on the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Docket No. 25] filed by plaintiff Paula Silver.  In the motion, plaintiff, as the prevailing party, requests attorney's fees in the amount of $5,209.63 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Docket No. 27 at 9.  The motion is fully briefed and ripe for disposition.

      The EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  The burden of establishing that the government's position was substantially justified rests with the government.  *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).  "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its

position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Under the EAJA, the Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D)(stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). The EAJA also has a built-in mechanism to disallow fees where "special circumstances make an award unjust" and gives courts discretion to deny awards where equitable considerations dictate an award should not be made. *Scarborough v. Principi*, 541 U.S. 401, 423 (2004).

On March 27, 2012, plaintiff filed a Complaint [Docket No. 1] seeking review of the final decision of defendant Carolyn W. Colvin in her official capacity as the Commissioner of Social Security (the "Commissioner") denying plaintiff's claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-33. The Court remanded the case, concluding that the ALJ erred (1) in explaining the weight she assigned to the opinion of Dr. K. Terry, a state agency reviewing physician, (2) failing to address the supportability of Dr. Terry's opinion, and (3) failing to address the fact that, when forming her opinion, Dr. Terry did not have access to potentially relevant medical records. Docket No. 21 at 8-10.

The Commissioner opposes plaintiff's motion on the grounds that her position was substantially justified. Docket No. 26 at 3. The Commissioner does not dispute that the ALJ stated of Dr. Terry's opinion only that it was "much more consistent with the evidence as a whole" than the opinion of examining physician Dr. Velma Campbell and therefore gave Dr. Terry's opinion "great weight." R. at 25. Rather, the

Commissioner argues that the reasons the ALJ provided for rejecting Dr. Campbell's opinion explain, by implication, the ALJ's reasons for assigning great weight to Dr. Terry's opinion.  Docket No. 26 at 3.  The Court has already considered and rejected this argument, concluding that "[a]lthough the comparison of the two opinions implicitly suggests that Dr. Terry's opinion does not suffer the same flaws as Dr. Campbell's opinion, the Court cannot attempt to reconstruct the ALJ's reasoning."  Docket No. 21 at 8 (citing *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) (holding that reviewing court cannot provide post hoc justification for the ALJ's decision)).  The Commissioner cites *Best-Willie v. Colvin*, 514 F. App'x 728 (10th Cir. 2013) (unpublished), in support of her argument that Dr. Terry's opinion was implicitly much more consistent with the record as a whole.  The Tenth Circuit in *Best-Willie* considered whether the ALJ had provided a sufficient explanation for declining to give a treating physician's opinion controlling weight.  *Id.* at 732-33.  The court concluded that, "[a]lthough there was not a contemporaneous discussion of [contradictory] evidence in discounting Dr. Hall's opinion, in reading the ALJ's decision as a whole, it is evident Dr. Hall's opinion is inconsistent with the record."  *Id.* at 733.  The *Best-Willie* decision rested on specific facts, which the Commissioner makes little attempt to argue were present in the instant case, and does not purport to alter the general rule that the failure of the ALJ to set forth the reasons why a particular weight was assigned to treating sources and other medical sources constitutes reversible error.  *See* 20 C.F.R. § 416.927; *Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988).  Moreover, the Commissioner fails to address the other errors identified in the ALJ's consideration of Dr. Terry's opinion,

namely, the failure to address the fact that Dr. Terry's opinion was a check-box form with limited notations and the failure to discuss medical evidence that became available after Dr. Terry rendered the subject opinion. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) (noting that check-box forms, unaccompanied by written reports or testimony, do not constitute substantial evidence). The Commissioner makes no attempt to justify these aspects of the ALJ's decision. Thus, the Court cannot conclude that the Commissioner has provided a sufficient basis upon which to conclude that her position, both at the agency level and in this litigation, was substantially justified. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990) ("the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items"). The Court will award plaintiff reasonable attorneys' fees.

Plaintiff seeks an award for 29.35 hours expended by her attorneys, Michael Seckar and Michael Desaulniers, at an hourly rate of $177.50. Docket No. 25 at 1; Docket No. 27 at 9. The Commissioner does not argue that the requested fee award is unreasonable or should otherwise be reduced.

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court will subtract 0.5 hours from plaintiff's requested award for time plaintiff's counsel spent reviewing simple, one-line court documents, which is unnecessary, and for time spent e-filing briefs, which is a clerical task not compensable

at the attorneys' hourly rate. *See id.* at 434; *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (noting that purely clerical or secretarial tasks should not be billed at paralegal rate). The Court is otherwise satisfied that the hours claimed are reasonable, including those hours spent litigating the instant motion for attorneys' fees under the EAJA. *See Jean*, 496 U.S. at 166 ("Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute."). Mr. Seckar has extensive experience litigating Social Security benefits cases in this district and Mr. Desaulniers indicates that he has represented Social Security disability claimants for nine years. Docket No. 25 at 9. The Court is satisfied that the claimed hourly rate is reasonable under the circumstances and consistent with hourly rates awarded under the EAJA in this district. *See, e.g.*, *LaRue v. Colvin*, No. 12-cv-00636-PAB, 2014 WL 4333704, at *3 (D. Colo. Aug. 29, 2014) (awarding EAJA fees at hourly rate of $183.12).

In light of the hours worked and the fact that the Commissioner does not dispute the amount of fees requested, the Court concludes that an award of $5120.87 is reasonable.

Accordingly, it is

**ORDERED** that plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Docket No. 25] is **GRANTED** in part. It is further

**ORDERED** that plaintiff Paula Silver is awarded $5120.87 in attorneys' fees. It is further

**ORDERED** that, if it is determined upon effectuation of this Order that plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and the Commissioner agrees to accept the assignment, the fee awarded herein shall be made payable to plaintiff's attorneys.  If there is such a debt, any fee remaining after offset will be payable to plaintiff and delivered to plaintiff's attorneys.

DATED February 4, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge